## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

**WILLIAM P. HOMMELL, JR.,**          )
                                      )
                 Plaintiff,           )          Case No. 2:19CV00027
                                      )
v.                                    )          **OPINION AND ORDER**
                                      )
**ANDREW SAUL, COMMISSIONER**         )          By:  James P. Jones
**OF SOCIAL SECURITY,**               )          United States District Judge
                                      )
                 Defendant.           )

*Vernon M. Williams, WOLFE, WILLIAMS & REYNOLDS, Norton, Virginia, for Plaintiff; Antonia M. Adam, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

William P. Hommell, Jr., challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 19-page Report and Recommendation ("Report") on June 4, 2020, in which she recommended that the court affirm the Commissioner's decision denying benefits. On June 9, 2020, the plaintiff filed

objections to the Report.  The defendant filed a response to the objections on June 11, 2020.  The objections are ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard.  *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed.  *See id.*

In his objections, the plaintiff contends that the administrative law judge ("ALJ") erred in two ways: (1) by improperly relying on the vocational expert's testimony, which he says was based on an incomplete and unclear hypothetical; and (2) by failing to properly consider the plaintiff's depression and anxiety.  Pl.'s Objs. 1–2, ECF No. 16.  These are the same arguments the plaintiff raised in his Motion for Summary Judgment and that the magistrate judge thoroughly considered.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent.  Accordingly, it is **ORDERED** as follows:

1.      Plaintiff's Objections, ECF No. 16, are DENIED;

2.      The magistrate judge's Report and Recommendations, ECF No. 15, are fully ACCEPTED;

3.      Plaintiff's Motion for Summary Judgment, ECF No. 9, is DENIED;

4.      The Commissioner's Motion for Summary Judgment, ECF No. 13, is GRANTED; and

5.      A separate final judgment will be entered herewith.

ENTER:  August 5, 2020

/s/  JAMES P. JONES
United States District Judge